# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAQUELYN SIMMONS | * | CIVIL ACTION |
| VERSUS | * | NUMBER 09-2056 |
| NATIONAL FLOOD INSURANCE PROGRAM | * | SECTION "L" (4) |

## ORDER & REASONS

Before the Court is Defendant National Flood Insurance Program's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Rec. Doc. 11). For the following reasons, the motion is GRANTED.

This case arises out of a dispute over flood damage that occurred as a result of Hurricane Katrina. The Plaintiff alleges that she has not been fully compensated for losses to her insured property located at 4558 Cerise Avenue, New Orleans, Louisiana. The property and its' contents were insured against flood damage by the Defendant, National Flood Insurance Program ("NFIP"), pursuant to a "direct" Standard Flood Policy administered by FEMA.[1] The Plaintiff's policy provided coverage limits of $71,400.00 with a $500.00 deductible for the building itself and $11,000.00 with a $500.00 deductible for the contents of the building. After the property was inspected by an independent adjuster, FEMA issued checks to Ms. Simmons totaling $61,435.40 for damage to her building and $11,000 for damage to the contents of her building. The Plaintiff cashed these checks in January of 2006 and took no further action prior to filing the instant lawsuit.

---

[1]The National Flood Insurance Program is a program originally created by Congress in 1968 to assist private insurers in providing flood coverage at our below actuarial rates. A "direct" policy is one that is acquired directly through FEMA while a "write your own" policy is one issued by a private insurance company.

On August 29, 2007, Ms. Simmons joined with several hundred other plaintiffs in filing the instant lawsuit against numerous defendants, including the NFIP. On January 13, 2009, the Court ordered that the case be severed into individual lawsuits. On January 30, 2009, Ms. Simmons filed her First Amended Complaint pursuant to the National flood Insurance Act in an attempt to recover for damages in excess of the amounts previously paid by FEMA.

On August 18, 2009, NFIP filed the instant motion to dismiss Ms. Simmon's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or alternatively for summary judgment pursuant to Federal Rule of Civil Procedure 56. NFIP asserts that Ms. Simmons claim is barred because she failed to comply with the applicable proof of loss requirements and because she failed to file suit within the applicable prescriptive period. Plaintiff responds that Plaintiff complied with the proof of loss requirements by filing her complaint. Alternatively, she argues that FEMA can and might choose to waive the proof of loss requirements in this case. In the event that FEMA declines to waive these requirements, Plaintiff asserts that her due process and equal protection rights have been violated and that further discovery on the issue is warranted. Finally, Plaintiff asserts that her receipt of a payment below policy limits did not trigger the applicable prescriptive period.

Judge Feldman has recently considered a motion almost identical to the one presently before this Court. *See* Order and Reasons, *McGowan v. National Flood Insurance Policy*, No. 09-1944 (Sept. 11, 2009). The factual and legal issues presented to the Court in *McGowan* are directly on point in this case. Both cases were part of the severed mass joinder action that was filed on August 29, 2007. Both Plaintiffs received partial payments under their "direct" flood policies and subsequently failed to produce evidence that they had submitted a proof of loss or filed a timely claim. Instead of waiving these requirements, the Defendant in each case filed

nearly identical motions to dismiss or alternatively for summary judgment. The Court has considered the parties briefs as well as the relevant case law, including *McGowan*. For the reasons stated therein, IT IS ORDERED that Defendant National Flood Insurance Program's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Rec. Doc. 11) is GRANTED.

New Orleans, Louisiana, this <u>21st</u> day of October, 2009.

                                                                       U.S. DISTRICT JUDGE